**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

v.

MARVIN ANTONIO WHITE,

*Defendant-Appellant.*

No. 03-6635

Appeal from the United States District Court
for the Eastern District of Virginia, at Norfolk.
Henry Coke Morgan, Jr., District Judge.
(CR-97-63, CA-00-909-2)

Submitted: August 19, 2003

Decided: October 22, 2003

Before LUTTIG, KING, and GREGORY, Circuit Judges.

Affirmed by unpublished per curiam opinion.

### COUNSEL

Marvin Antonio White, Appellant Pro Se. Laura P. Tayman, OFFICE OF THE UNITED STATES ATTORNEY, Norfolk, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

Marvin Antonio White, a federal prisoner, appeals the district court's order denying his motion for reconsideration of its order denying relief on his motion filed under 28 U.S.C. § 2255 (2000). Because White's motion directly attacked his conviction and sentence rather than any alleged defect in the collateral review process, it amounted to a successive § 2255 motion that the district court lacked jurisdiction to consider. *See United States v. Winestock*, ___ F.3d ___, 2003 WL 1949822, at *6 (4th Cir. Apr. 25, 2003). In accordance with *Winestock*, we construe White's notice of appeal and informal brief on appeal as an application to file a successive § 2255 motion. *See id.* at *7. We have reviewed the record and find that White fails to meet the requirements for authorization to file such a successive motion.

In order to obtain authorization to file a successive § 2255 motion, a movant must assert claims based on either: (1) a new rule of constitutional law, previously unavailable, made retroactive by the Supreme Court to cases on collateral review; or (2) newly discovered evidence sufficient to establish that no reasonable factfinder would have found the movant guilty. *See* 28 U.S.C. § 2244(b)(2) (2000). White does not satisfy either of these conditions. Accordingly, we affirm the order of the district court and deny White's implicit application for leave to file a second § 2255 motion. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*